UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LAWRENCE D. BROGAN,

      **Plaintiff,**                                  Case No. C2-08-765
                                                         JUDGE GREGORY L. FROST
      v.                                       Magistrate Judge Norah McCann King

**THE HARTFORD LIFE INSURANCE
COMPANY, ET AL.**

      **Defendants.**

## OPINION AND ORDER

This action was brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and (f). This matter is before the Court on the Motion of Defendant Variable Annuity Life Insurance Company ("VALIC") to Dismiss Plaintiff's Complaint. (Doc. # 7.) For the reasons that follow, the Court **GRANTS** that motion.

### I. Background

The following allegations are taken from Plaintiff's Complaint.

Plaintiff brings this lawsuit to obtain benefits under a long-term disability plan ("Plan") that was established and maintained by Hartford for the benefit of [VALIC] employees and their beneficiaries."

Plaintiff began working for VALIC as a financial advisor in March 2004. On October 28, 2004 he was diagnosed with bilateral tinnitus. Plaintiff alleges that he stopped working on July 22, 2005, when the tinnitus became unbearable.

Plaintiff applied for long-term disability benefits under the Plan on January 5, 2006. Hartford denied Plaintiff's claim on April 4, 2006. Plaintiff appealed Hartford's denial on July

14, 2006 and submitted additional medical information. Following a review of that additional information and an evaluation by a neuro-psychiatrist on November 30 and December 1, 2006, Hartford denied Plaintiff's claim on February 2, 2007. Plaintiff appealed Hartford's denial in a letter dated October 2, 2007. Hartford refused to consider the Plaintiff's appeal, and after a further exchange of correspondence, this lawsuit was filed.

## II. Standard

Defendant VALIC moves for dismissal under Fed. R. of Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Under the United States Supreme Court's recent articulation of the standard, this Court must construe the Complaint in favor of Plaintiff, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The claims must be "plausible" and not merely "conceivable." *Id.*

## III. Analysis

Defendant VALIC argues that it is entitled to dismissal from this action because Plaintiff's Complaint contains no allegations or claims against VALIC and that VALIC is not a proper defendant in this ERISA action. This Court agrees.

Plaintiff's Complaint refers to VALIC only a handful of times. Those allegations fall into two categories: (1) VALIC's employees may be entitled to benefits under the Plan, and (2) Plaintiff was employed by VALIC. Nowhere in the Complaint does Plaintiff allege that VALIC did anything wrong, violated any of his rights, or is liable for any of his claims brought under ERISA.

2

Further, VALIC is not a proper defendant in this action simply because it is Plaintiff's employer. The Sixth Circuit has held that employers are not properly sued under ERISA for denial of benefit claims unless they had some involvement in the decision to deny benefits:

> When an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a "fiduciary" for ERISA purposes. An employer who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims. It was [the insurer] who made a decision with respect to Plaintiff's benefits, not [the employer]. [The insurer], and not [the employer], is therefore the proper party defendant for a denial of benefits claim by Plaintiff. The district court did not err in dismissing [the employer] from Plaintiff's suit for benefits.

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006).

Here, as stated above, there is no allegation that VALIC had any involvement in Hartford's decision to deny Plaintiff's claim for benefits. Thus, VALIC is not properly named as a defendant in this action.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** the Motion of Defendant Variable Annuity Life Insurance Company to Dismiss Plaintiff's Complaint. (Doc. # 7.) The Clerk is **DIRECTED** to dismiss this Defendant from this action.

**IT IS SO ORDERED.**

    /s/       **Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**